**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER

Appellate case name:      Angeleta  Rodriguez v. Roger  Janki

Appellate case number:   01-19-00019-CV

Trial court case number:  1120842

Trial court:                       County Civil Court at Law No. 4 of Harris County

On August 13, 2019, we dismissed the appeal for want of prosecution after appellant, Angeleta Rodriguez, failed to file a brief. *See Rodriguez v. Janki*, No. 01-19-00019-CV, 2019 WL 3783334 (Tex. App.—Houston [1st Dist.] Aug. 13, 2019, no pet. h.). Mandate issued on October 25, 2019.

The Clerk of this Court is directed to receive, but not file, any future submissions[1] by the appellant regarding the above-referenced appellate or trial court case numbers, absent further order from this Court or the Texas Supreme Court. Thus, **no action will be taken on this matter as this Court no longer has jurisdiction.**

It is so ORDERED.

Judge's signature: _____/s/ Russell Lloyd_____
                                    Acting individually

Date:   __January 7, 2020._____

---

[1]      Submissions that do not comply with Texas Rules of Appellate Procedure 9.1, 9.3, 9.4 and 9.5 will not be received. Copies of the rules are attached.

---

> Vernon's Texas Rules Annotated
>  Texas Rules of Appellate Procedure
>   Section One. General Provisions
>    Rule 9. Documents Generally (Refs & Annos)

TX Rules App.Proc., Rule 9.1

9.1. Signing

Currentness

(a) *Represented Parties.* If a party is represented by counsel, a document filed on that party's behalf must be signed by at least one of the party's attorneys. For each attorney whose name appears on a document as representing that party, the document must contain that attorney's State Bar of Texas identification number, mailing address, telephone number, fax number, if any, and email address.

(b) *Unrepresented Parties.* A party not represented by counsel must sign any document that the party files and give the party's mailing address, telephone number, fax number, if any, and email address.

(c) *Electronic Signatures.* A document that is electronically served, filed, or issued by a court or clerk is considered signed if the document includes:

(1) a "/s/" and name typed in the space where the signature would otherwise appear, unless the document is notarized or sworn; or

(2) an electronic image or scanned image of the signature.

**Credits**
Eff. Sept. 1, 1997. Amended by Supreme Court Dec. 11, 2013, eff. Jan. 1, 2014. Approved by Court of Criminal Appeals Dec. 11, 2013, eff. Jan. 1, 2014.

**Editors' Notes**

**NOTES AND COMMENTS**
    Comment to 2013 Change: Rule 9 is revised to incorporate rules for electronic filing, in accordance with the Supreme Court's order--Misc. Docket Nos. 12-9208 and 13-9164, amended by Misc. Docket No. 13-9092--mandating electronic filing in civil cases in appellate courts, effective January 1, 2014. In addition, Rule 9.9 is added to provide privacy protection for all documents, both paper and electronic, filed in civil cases in appellate courts.

Notes of Decisions (6)

Rules App. Proc., Rule 9.1, TX R APP Rule 9.1

---

Vernon's Texas Rules Annotated
  Texas Rules of Appellate Procedure
    Section One. General Provisions
      Rule 9. Documents Generally (Refs & Annos)

TX Rules App.Proc., Rule 9.3

9.3. Number of Copies

Currentness

(a) *Courts of Appeals.*

(1) Document Filed in Paper Form. If a document is not electronically filed, a party must file the original and one unbound copy of the document unless otherwise required by local rule. The unbound copy of an appendix must contain a separate page before each document and must not include tabs that extend beyond the edge of the page.

(2) Electronically Filed Document. Unless required by local rule, a party need not file a paper copy of an electronically filed document.

(b) *Supreme Court and Court of Criminal Appeals.*

(1) Document Filed in Paper Form. If a document is not electronically filed, a party must file the original and 11 copies of any document addressed to either the Supreme Court or the Court of Criminal Appeals, except that in the Supreme Court only an original and one copy must be filed of any motion, response to the motion, and reply in support of the motion, and in the Court of Criminal Appeals, only the original must be filed of a motion for extension of time or a response to the motion, or a pleading under Code of Criminal Procedure article 11.07.

(2) Electronically Filed Document. Paper copies of each document that is electronically filed with the Supreme Court or the Court of Criminal Appeals must be mailed or hand-delivered to the Supreme Court or the Court of Criminal Appeals, as appropriate, within three business days after the document is electronically filed. The number of paper copies required shall be determined, respectively, by order of the Supreme Court or the Court of Criminal Appeals.

(c) *Exception for Record.* Only the original record need be filed in any proceeding.

**Credits**
Eff. Sept. 1, 1997. Amended by Supreme Court March 10, 2008, and Aug. 20, 2008, eff. Sept. 1, 2008. Approved by Court of Criminal Appeals Sept. 30, 2008, eff. Sept. 30, 2008. Amended by Supreme Court Feb. 28, 2011, eff. June 30, 2011. Approved by Court of Criminal Appeals Feb. 28, 2011, eff. June 30, 2011. Amended by Supreme Court June 27, 2011, eff. June 30, 2011. Amended by Supreme Court Dec. 11, 2013, eff. Jan. 1, 2014. Approved by Court of Criminal Appeals Dec. 11, 2013, eff. Jan. 1, 2014.

Vernon's Texas Rules Annotated
  Texas Rules of Appellate Procedure
    Section One. General Provisions
      Rule 9. Documents Generally (Refs & Annos)

TX Rules App.Proc., Rule 9.4

9.4. Form

Currentness

Except for the record, a document filed with an appellate court, including a paper copy of an electronically filed document, must--unless the court accepts another form in the interest of justice -- be in the following form:

(a) *Printing*. A document may be produced by standard typographic printing or by any duplicating process that produces a distinct black image. Printing must be on one side of the paper.

(b) *Paper Type and Size*. The paper on which a document is produced must be 8 1/2 by 11 inches, white or nearly white, and opaque.

(c) *Margins*. Documents must have at least one-inch margins on both sides and at the top and bottom.

(d) *Spacing*. Text must be double-spaced, but footnotes, block quotations, short lists, and issues or points of error may be single-spaced.

(e) *Typeface*. A document produced on a computer must be printed in a conventional typeface no smaller than 14-point except for footnotes, which must be no smaller than 12-point. A typewritten document must be printed in standard 10-character-per-inch (cpi) monospaced typeface.

(f) *Binding and Covering*. A paper document must be bound so as to ensure that it will not lose its cover or fall apart in regular use. A paper document should be stapled once in the top left-hand corner or be bound so that it will lie flat when open. A paper petition or brief should have durable front and back covers which must not be plastic or be red, black, or dark blue.

(g) *Contents of Cover*. A document's front cover, if any, must contain the case style, the case number, the title of the document being filed, the name of the party filing the document, and the name, mailing address, telephone number, fax number, if any, email address, and State Bar of Texas identification number of the lead counsel for the filing party. If a party requests oral argument in the court of appeals, the request must appear on the front cover of that party's first brief.

(h) *Appendix and Original Proceeding Record*. A paper appendix may be bound either with the document to which it is related or separately. If separately bound, the appendix must comply with paragraph (f). A paper record in an original proceeding or a

paper appendix must be tabbed and indexed. An electronically filed record in an original proceeding or an electronically filed appendix that includes more than one item must contain bookmarks to assist in locating each item.

(i) *Length.*

(1) Contents Included and Excluded. In calculating the length of a document, every word and every part of the document, including headings, footnotes, and quotations, must be counted except the following: caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix.

(2) Maximum Length. The documents listed below must not exceed the following limits:

(A) A brief and response in a direct appeal to the Court of Criminal Appeals in a case in which the death penalty has been assessed: 37,500 words if computer-generated, and 125 pages if not.

(B) A brief and response in an appellate court (other than a brief under subparagraph (A)) and a petition and response in an original proceeding in the court of appeals: 15,000 words if computer-generated, and 50 pages if not. In a civil case in the court of appeals, the aggregate of all briefs filed by a party must not exceed 27,000 words if computer-generated, and 90 pages if not.

(C) A reply brief in an appellate court and a reply to a response to a petition in an original proceeding in the court of appeals: 7,500 words if computer-generated, and 25 pages if not.

(D) A petition and response in an original proceeding in the Supreme Court and the Court of Criminal Appeals, except for petitions and responses in an original proceeding in a case in which the death penalty has been assessed, a petition for review and response in the Supreme Court, a petition for discretionary review in the Court of Criminal Appeals, and a motion for rehearing and response in an appellate court: 4,500 words if computer-generated, and 15 pages if not.

(E) A reply to a response to a petition for review in the Supreme Court, a reply to a response to a petition in an original proceeding in the Supreme Court and the Court of Criminal Appeals, except a reply to a response in an original proceeding in a case in which the death penalty has been assessed, and a reply to a petition for discretionary review in the Court of Criminal Appeals: 2,400 words if computer-generated, and 8 pages if not.

(F) A petition and response in an original proceeding in the Court of Criminal Appeals in a case in which the death penalty has been assessed: 9,000 words if computer-generated, and 30 pages if not.

(G) A reply to a response to a petition in an original proceeding in the Court of Criminal Appeals in a case in which the death penalty has been assessed: 4,800 words if computer-generated, and 16 pages if not.

(3) *Certificate of Compliance.* A computer-generated document that is subject to a word limit under this rule must include a certificate by counsel or an unrepresented party stating the number of words in the document. The person certifying may rely on the word count of the computer program used to prepare the document.

(4) *Extensions.* A court may, on motion, permit a document that exceeds the prescribed limit.

(j) *Electronically Filed Documents.* An electronically filed document must:

(1) be in text-searchable portable document format (PDF);

(2) be directly converted to PDF rather than scanned, if possible;

(3) not be locked;

(4) be combined with any appendix into one computer file, unless that file would exceed the size limit prescribed by the electronic filing manager; and

(5) otherwise comply with the Technology Standards set by the Judicial Committee on Information Technology and approved by the Supreme Court.

(k) *Nonconforming Documents.* If a document fails to conform with these rules, the court may strike the document or identify the error and permit the party to resubmit the document in a conforming format by a specified deadline.

**Credits**

Eff. Sept. 1, 1997. Amended by Supreme Court Nov. 13, 2012, eff. Dec. 1, 2012; March 4, 2013, eff. immediately. Amended by Supreme Court Dec. 11, 2013, eff. Jan. 1, 2014. Approved by Court of Criminal Appeals Dec. 11, 2013, eff. Jan. 1, 2014. Amended by Court of Criminal Appeals Jan. 23, 2017, and Supreme Court Jan. 25, 2017, eff. Feb. 1, 2017.

**Editors' Notes**

**NOTES AND COMMENTS**

Comment to 2012 Change: Rule 9 is revised to consolidate all length limits and establish word limits for documents produced on a computer. All documents produced on a computer must comply with the word limits. Page limits are retained for documents that are typewritten or otherwise not produced on a computer.

Comment to 2013 Change: Rule 9 is revised to incorporate rules for electronic filing, in accordance with the Supreme Court's order--Misc. Docket No. 12-9208, amended by Misc. Docket Nos. 13-9092 and 13-9164--mandating electronic filing in civil cases in appellate courts, effective January 1, 2014. In addition, Rule 9.9 is added to provide privacy protection for all documents, both paper and electronic, filed in civil cases in appellate courts.

Vernon's Texas Rules Annotated
    Texas Rules of Appellate Procedure
        Section One. General Provisions
            Rule 9. Documents Generally (Refs & Annos)

TX Rules App.Proc., Rule 9.5

9.5. Service

Currentness

(a) *Service of All Documents Required.* At or before the time of a document's filing, the filing party must serve a copy on all parties to the proceeding. Service on a party represented by counsel must be made on that party's lead counsel. Except in original proceedings, a party need not serve a copy of the record.

(b) *Manner of Service.*

(1) Documents Filed Electronically. A document filed electronically under Rule 9.2 must be served electronically through the electronic filing manager if the email address of the party or attorney to be served is on file with the electronic filing manager. If the email address of the party or attorney to be served is not on file with the electronic filing manager, the document may be served on that party or attorney under subparagraph (2).

(2) Documents Not Filed Electronically. A document that is not filed electronically may be served in person, by mail, by commercial delivery service, by fax, or by email. Personal service includes delivery to any responsible person at the office of the lead counsel for the party served.

(c) *When Complete.*

(1) Service by mail is complete on mailing.

(2) Service by commercial delivery service is complete when the document is placed in the control of the delivery service.

(3) Service by fax is complete on receipt.

(4) Electronic service is complete on transmission of the document to the serving party's electronic filing service provider. The electronic filing manager will send confirmation of service to the serving party.

(d) *Proof of Service.* A document presented for filing must contain a proof of service in the form of either an acknowledgment of service by the person served or a certificate of service. Proof of service may appear on or be affixed to the filed document. The clerk may permit a document to be filed without proof of service, but will require the proof to be filed promptly.

(e) *Certificate Requirements.* A certificate of service must be signed by the person who made the service and must state:

(1) the date and manner of service;

(2) the name and address of each person served; and

(3) if the person served is a party's attorney, the name of the party represented by that attorney.

**Credits**

Eff. Sept. 1, 1997. Amended by Supreme Court Dec. 23, 2002, eff. Jan. 1, 2003. Amended by Supreme Court Dec. 11, 2013, eff. Jan. 1, 2014. Approved by Court of Criminal Appeals Dec. 11, 2013, eff. Jan. 1, 2014.

**Editors' Notes**

**NOTES AND COMMENTS**

Comment to 2002 change: The change clarifies that the filing party must serve a copy of the document filed on all other parties, not only in an appeal or review, but in original proceedings as well. The rule applies only to filing *parties*. Thus, when the clerk or court reporter is responsible for filing the record, as in cases on appeal, a copy need not be served on the parties. The rule for original civil proceedings, in which a party is responsible for filing the record, is stated in subdivision 52.7.

Comment to 2013 change: Rule 9 is revised to incorporate rules for electronic filing, in accordance with the Supreme Court's order--Misc. Docket No. 12-9208, amended by Misc. Docket Nos. 13-9092 and 13-9164--mandating electronic filing in civil cases in appellate courts, effective January 1, 2014. In addition, Rule 9.9 is added to provide privacy protection for all documents, both paper and electronic, filed in civil cases in appellate courts.

Notes of Decisions (7)

Rules App. Proc., Rule 9.5, TX R APP Rule 9.5
Current with amendments received through August 1, 2019

**End of Document**

© 2019 Thomson Reuters. No claim to original U.S. Government Works.